IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BOBBY RAY COLLINS,            §
   Petitioner,            §
       §
VS.            §  Civil Action No. 4:13-CV-531-C
       §
STATE OF TEXAS,            §
   Respondent.            §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

  This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I.  FINDINGS AND CONCLUSIONS

#### A.  NATURE OF THE CASE

  This is a purported "Motion Under 28 U.S.C. § 2254/Petition for a Writ of Habeas Corpus by a Person in Custody."

#### B.  PARTIES

  Petitioner Bobby Ray Collins, Reg. No. 27382-077, is a federal prisoner incarcerated in USP Lewisburg in Lewisburg, Pennsylvania.

  Respondent is the State of Texas. No service has issued upon respondent or counsel for respondent.

C. PROCEDURAL HISTORY

The factual and procedural background of this case is set forth as follows in petitioner's prior

federal habeas petition under § 2254, wherein he challenged his 1996 state court conviction:

> Collins was charged in state court with robbery by threats as an habitual
> offender.   While awaiting trial in state court, Collins was convicted of various
> offenses in federal court and sentenced to a 240-month term of imprisonment on May
> 20, 1996.   On October 15, 1996, he was convicted and sentenced in state court
> pursuant to a plea agreement, the terms of which included the condition that his state
> sentence run concurrent with his federal sentences. . . .  Collins state sentence was
> fully discharged on April 30, 2005, and he was transferred to federal custody for
> completion of his 240-month federal sentence.

*Collins v. Dretke*, Civil Action No. 4:05-CV-157-Y, 2005 WL 1473856 (N.D.Tex. June 21, 2005).

Petitioner has submitted this petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Pet.

at cover)

D. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and

28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1]   The Court

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas
> corpus shall forthwith award the writ or issue an order directing the respondent to
> show cause why the writ should not be granted, *unless it appears from the
> application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district
> court in accordance with the procedure of the court for the assignment of its business.
> The petition shall be examined promptly by the judge to whom it is assigned. *If it
> plainly appears from the face of the petition and any exhibits annexed to it that the*

(continued...)

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Petitioner is currently in federal custody and appears to challenge his federal conviction(s) in the instant petition.[2] However, he cannot challenge his federal conviction(s) using a habeas petition under § 2254. Instead, the proper vehicle is a motion to vacate, set aside, or correct the sentences under 28 U.S.C. § 2255.[3] To the extent petitioner is seeking to challenge his state conviction, he may file a new petition under 28 U.S.C. § 2254 specifically setting out the basis of his claims.

## II. RECOMMENDATION

It is recommended that this action be dismissed *sua sponte* without prejudice so that petitioner may file a § 2255 motion or a petition under § 2254 challenging a state conviction, subject to requirements and/or restrictions therein.

---

[1](...continued)
*petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

[2]Petitioner indicates the judgment of conviction under attack was entered by this court and asks the Court, based on his claim, to render his "federal conviction void, illegal and unconstitutional." (Pet., attach. "Prayer for Relief")

[3]Petitioner filed a § 2255 motion in his criminal case, which was dismissed on limitations grounds on April 2, 2012. *Collins v. United States*, Civil Action No. 4:12-CV-128-Y.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until ___July 30___, 2013.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until ___July 30___, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July __*10*__, 2013.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE